IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELVIN L. SHIELDS,

              Plaintiff,

vs.                               Case No. 20-3077-SAC

SAM CLINE, et al.,

              Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action with claims arising from his incarceration in the Kansas correctional system. He brings this case pursuant to 42 U.S.C. § 1983. This case is before the court for screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient

1

to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court may also consider the exhibits attached to the complaint.  Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  Id. (quoting Twombly, 550 U.S. at 557).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights.  Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations.  They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. Plaintiff's complaint

Plaintiff has filed a form complaint (Doc. No. 1), but he describes his claims in more detail in a "Memorandum of Law" at Doc. No. 3, which the court shall consider as part of his complaint.  He has also filed an affidavit in support of his complaint. Doc. No. 4.

Plaintiff alleges that he was placed in the Kansas correctional system at the ElDorado Correctional Facility (EDCF) on October 29, 2019 after being sentenced to 30 years to life in what plaintiff labels a high-profile first-degree murder case.[1] Plaintiff had been incarcerated before in Kansas correctional system.

Plaintiff claims that defendant "Sargent Kelly" wrote a false disciplinary report against plaintiff on November 4, 2019 which caused plaintiff to be placed on pre-hearing detention. Two days later, on November 6, 2019, plaintiff was placed on long-term segregation (other security risk - "OSR" - status) without a disciplinary hearing or a full hearing. Plaintiff alleges that the false report has been dismissed but he remains in administrative segregation.

Plaintiff claims that he is on administrative segregation or OSR status because of his most recent conviction and not because of any disciplinary findings. He has also alleged that he was placed on OSR status because of his prison behavior many years before. Plaintiff further claims that he has not received a full evidentiary hearing before the segregation review board at EDCF.

Plaintiff alleges that defendant Cline, the warden at EDCF, "signed off" on plaintiff's continued OSR status at EDCF. He

---

[1] This conviction is being appealed.

4

alleges that defendants Allison Austin and T. O'Brien recommended plaintiff's placement on OSR status.

Plaintiff was transferred to Hutchison Correctional Facility (HCF). Plaintiff alleges that defendant Dan Schnurr, the warden at HCF, did not release plaintiff from OSR status. He further asserts that defendants Major VanHoose, Jordan Bell and Bill Standsberry (who were part of segregation review board hearings) participated in maintaining plaintiff on OSR status. Plaintiff also alleges that defendant Bell retaliated against plaintiff for objecting to the classification by moving plaintiff up two tiers to A3 cellhouse and denying plaintiff the right to go through a grievance process.

Plaintiff alleges that being locked up in his cell "like a fish in a tank" is embarrassing. He further claims he is not allowed contact visitation, three hot meals with general population, or access to all the resources of the law library.

### III. Rulings

#### A. Disciplinary report

Plaintiff alleges that defendant Kelly wrote a false disciplinary report which caused plaintiff to be placed on pre-hearing detention for a short period of time. These allegations fail to state a plausible claim for relief.

A conclusory assertion that a false report was made does not provide fair notice of a claim for relief. See Escobar v. Mora,

5

496 Fed. Appx. 806, 816 (10th Cir. 2012)(rejecting similar allegation as "utterly conclusory"). The Tenth Circuit in Escobar further held that "'mere allegations of falsified evidence or misconduct reports,' without more, do not state a claim.'" Id., quoting Smith v. Mensinger, 293 F.3d 641, 654 (3rd Cir. 2002). Plaintiff does not allege facts describing a due process violation in relation to the disciplinary report. Indeed, from his allegations, it appears that the report was dropped without a hearing not long after it was filed. Courts have dismissed similar allegations as failing to state a claim. E.g., Richardson v. United States, 2019 WL 4038223 *10 n.2 (W.D.Okla. 6/28/2019); Lee v. Federal Transfer Center, 2016 WL 6791178 *4 (W.D.Okla. 9/28/2016); Smith v. Raemisch, 2016 WL 559592 *3 (D.Colo. 2/11/2016); Guion v. Spurlock, 2014 WL 2158642 *3 (D.Colo. 5/23/2014).

    B. Administrative segregation/OSR status

        1. Due process

Plaintiff has failed to allege a due process violation because he has not described a deprivation of a constitutionally protected liberty interest. "A protected liberty interest only arises from a transfer to harsher conditions of confinement when an inmate faces an 'atypical and significant hardship in relation to the ordinary incidents of prison life.'" Rezaq v. Nalley, 677 F.3d 1001, 1011 (10th Cir. 2012)(quoting Wilkinson v. Austin, 545 U.S.

6

209, 223 (2005)(interior quotations omitted)). Four factors are usually considered to determine whether placement in segregation imposes such a hardship: "whether (1) the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) the conditions of placement are extreme; (3) the placement increases the duration of confinement ...; and (4) the placement is indeterminate." Estate of DiMarco v. Wyo. Dept. of Corrections, 473 F.3d 1334, 1342 (10th Cir. 2007).

Plaintiff's allegations and exhibits indicate that plaintiff's placement in segregation may have been caused by safety concerns stemming from plaintiff's recent conviction and/or past conduct in prison, as well as an alleged prison infraction. See Doc. No. 3-1, pp. 3 & 6. This does not seem unreasonable. Plaintiff does not allege facts showing that his administrative segregation conditions are extreme or that his placement in segregation increases the duration of his confinement. Finally, plaintiff does not allege facts showing that the placement in segregation is indeterminate; he only makes conclusory claims that monthly review board hearings are "shams" because he has not been presented with evidence and plaintiff's own statements have not caused a change in plaintiff's OSR status.[2]

---

[2] The Supreme Court has stated that the Constitution does not require periodic review of administrative segregation to include submission of additional evidence or statements, and that a highly structured hearing is not required. Hewitt v. Helms, 459 U.S. 460, 477 n.9 (1983), abrogated in part on other grounds, Sandin v. Conner, 515 U.S. 472 483-84 (1995).

7

In sum, plaintiff has not alleged facts demonstrating a plausible due process claim.[3]

### 2. First Amendment – retaliation

The Tenth Circuit has stated that inmates are "not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because [they] engage[] in protected activity." Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998). "Specific facts showing retaliation because of the exercise of the prisoner's constitutional rights" must be alleged. Id. A retaliation claim also requires a showing that the alleged retaliatory actions were sufficient to chill an ordinary person from engaging in this litigation. See Mocek v. City of Albuquerque, 813 F.3d 912, 930 (10th Cir. 2015). Plaintiff's allegations fail to allege a plausible claim that he suffered a chilling injury because of the exercise of his constitutional rights.

### 3. Double jeopardy

The Tenth Circuit has held that: "[I]t is well established that prison disciplinary sanctions – such as administrative segregation – do not implicate double jeopardy protections." Fogle v. Pierson, 435 F.3d 1252, 1262 (10th Cir. 2006)(quotation marks omitted); see also, Barlor v. Patton, 681 Fed.Appx. 674, 678 (10th

---

[3] If the court applied the DiMarco factors to the prehearing disciplinary detention, the court would also find that plaintiff had not stated a plausible claim.

8

Cir. 2017)(placement in maximum security is not punishment for double jeopardy purposes); McAdams v. Wyoming Dept. of Corrections, 561 Fed.Appx. 718, 723 (10th Cir. 2014)(explaining that the double jeopardy clause protects against multiple punishments in a single criminal proceeding); Sawyer v. Jefferies, 315 Fed.Appx. 31, 33 (10th Cir. 2008)(no double jeopardy issue raised by criminal charges filed following administrative sanctions by a jail).  Plaintiff's allegations do not state a plausible double jeopardy claim.

    4. Eighth Amendment

Prison officials violate the Eighth Amendment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976).  This can result from intentionally denying or delaying access to medical care.  Id. at 104-05.  But, proof of inadvertence or negligence is not sufficient to establish a valid claim.  Id. at 105-06.  Plaintiff must show the defendants knew plaintiff "faced a substantial risk of harm and disregarded that risk 'by failing to take reasonable measures to abate it.'"  Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)(quoting Farmer, 511 U.S. at 847).

Plaintiff makes general allegations that he suffers from PTSD and heart palpitations; that he has requested psychotropic medication and "medical help"; that he is experiencing "very high

9

levels of emotional mental distress"; and is "suffering greatly." Doc. No. 3, p. 10.

These general allegations against "defendants" are insufficient to plausibly allege that a particular defendant acted with deliberate indifference to a serious medical need in violation of the Eighth Amendment. See Walker v. Mohiuddin, 947 F.3d 1244, 1249-50 (10th Cir. 2020)(collective and generalized allegations fail to state a plausible Eighth Amendment claim for lack of proper medical care).

### 5. Grievance process as an independent right

Plaintiff does not have a constitutional right to have a grievance investigated and acted upon. See Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011)(citing cases from various circuits); Boyd v. Werholtz, 443 Fed.Appx. 331, (10th Cir. 2011); Watson v. Evans, 2014 WL 7246800 *7 (D.Kan. 12/17/2014)(failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); Stallings v. Werholtz, 2011 WL 6934266 *7 (D.Kan. 12/30/2011)(no constitutional right to investigation of grievances). Plaintiff's claims to the contrary should be dismissed.

### IV. Motion for appointment of counsel

Plaintiff has filed a motion seeking appointment of counsel. Doc. No. 5. In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the

nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)). Here, the court understands that plaintiff may face some obstacles in presenting the facts and law concerning his case. But, this is a relatively simple case and, at this point in time, the court is not convinced that appointment of counsel is warranted. Considering all of the circumstances, including that the merits of the case do not appear favorable, the court shall deny plaintiff's motion for appointment of counsel without prejudice to plaintiff renewing his request at a later point in this litigation.

V. Conclusion

The court believes that the complaint fails to state a federal claim for relief. The court shall direct that plaintiff by June 18, 2020 show cause why plaintiff's federal claims should not be dismissed as explained in this order. In the alternative, plaintiff may file an amended complaint by June 18, 2020 which corrects the deficiencies discussed herein. An amended complaint supersedes the original complaint and must contain all of the

claims upon which plaintiff wishes to proceed. An amended complaint should not refer back to the original complaint. Plaintiff's motion for appointment of counsel (Doc. No. 5) is denied without prejudice.

**IT IS SO ORDERED.**

Dated this 20th day of May, 2020, at Topeka, Kansas.

<u>s/Sam A. Crow</u>_____
Sam A. Crow, U.S. District Senior Judge