IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELVIN L. SHIELDS,

                Plaintiff,

vs.                                Case No. 20-3077-SAC

SAM CLINE, et al.,

                Defendants.

**O R D E R**

On May 20, 2020, the court issued a screening order which stated the court's opinion that plaintiff's complaint failed to state a federal claim for relief. Doc. No. 7. Plaintiff was granted time to show cause why the original complaint should not be dismissed or to file an amended complaint.

Plaintiff has filed an amended complaint (Doc. No. 8) which trims some of plaintiff's claims from the original complaint and focuses upon the plaintiff's contention that his due process rights have been violated.[1] Plaintiff asserts that his due process rights were violated when he was placed in segregation upon a false disciplinary report and without a disciplinary administrative adjudication. Plaintiff also asserts that his due process rights were violated because he was placed in and has remained in

---

[1] The amended complaint also mentions the Eighth Amendment. Doc. No. 8, p.3. Plaintiff, however, alleges no facts which would plausibly support a claim of cruel and unusual punishment.

1

administrative segregation (on other security risk "OSR" status) without a full hearing and sufficient review board proceedings.

The court addressed these claims at pages 5-8 of the screening order. Plaintiff's amended complaint does not provide reasons to alter or modify the court's findings that his allegations fail to state a due process violation.

The amended complaint also alleges that he was denied a liberty interest by defendants' failure to follow prison rule books. This contention fails to state a plausible due process claim. As the Tenth Circuit has stated:

> [N]o reasonable jurist could conclude that [a plaintiff's] claim that prison officials deprived him of due process by violating internal prison regulations rises to the level of a due process violation. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison [They are] not designed to confer rights on inmates…." Sandin v. Conner, 515 U.S. 472, 481-82, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Brown v. Wyoming Dept. of Corrections, 234 Fed.Appx. 874, 878 (10th Cir. 2007); see also, Brown v. Rios, 196 Fed.Appx. 681, 683 (10th Cir. 2006)("Where a liberty or property interest has been infringed, the process which is due under the United States Constitution is that measure by the due process clause, not prison regulations.").

In sum, plaintiff has failed to present the court with a plausible federal claim for relief which would justify the court

retaining jurisdiction over this matter. Therefore, the court directs that this case be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 23rd day of June, 2020, at Topeka, Kansas.

s/Sam A. Crow _____
Sam A. Crow, U.S. District Senior Judge